# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.S. as mother and natural guardian of D.S., a minor, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00234 |
| v. | (MARIANI, J.)<br>(MEHALCHICK, M.J.) |
| HANOVER AREA SCHOOL DISTRICT, et al., | |
| Defendants. | |

## ORDER

On October 25, 2022, counsel for Plaintiff L.S. as mother and natural guardian of D.S., a minor, filed a letter with the Court regarding discovery. (Doc. 39). The matter was referred to the undersigned United States Magistrate Judge for the purpose of handing the discovery dispute. (Doc. 40). On November 2, 2022, counsel for Defendants Hanover School District, Nathan Barrett, Daphne Pugh, Jessica Ramagli, and Mary Farrell filed a letter with the Court in response to Plaintiff's letter. (Doc. 42). The parties appeared before the Court in a telephonic discovery conference held on November 4, 2022. (Doc. 44). The undersigned will now address the discovery issues contained within Plaintiff's letter.

I. **STANDARD OF REVIEW**

Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti*

*v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Discovery is governed by Rule 26, which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
>
> Fed. R. Civ. P. 26(b)(1).

The same rule also obligates parties to supplement discovery:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: [ ] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .
>
> Fed. R. Civ. P. 26(e)(1)(A).

II. **DISCUSSION**

In the discovery request letter filed with the Court, Plaintiff requests the personnel filed of individual Defendants Nathan Barrett, Daphne Pugh, Jessica Ramagli, Mary Farrell, and Alicia Schlauch; and all emails to, from, or about the individual Defendants from January 1, 2021, to the present. (Doc. 39, at 1-3). The Court will address each request *seriatim*.

A. **INTERROGATORY NUMBER 18**

In Interrogatory number 18, Plaintiff requests the "entire contents of any personnel file concerning any individual defendant." (Doc. 39-1, at 7). In response, Defendants objected to the request "on the grounds that it is not reasonably limited in scope and is unduly burdensome and exceeds the scope of permissible discovery[,] . . . the request documents are

unrelated and irrelevant to any claim asserted in Plaintiff's complaint and are confidential and protected from disclosure." (Doc. 39-2, at 10; Doc. 42, at 2-3). Defendants rely on *Hale v. Leiss*, No. 1:21-CV-01028, 2022 WL 6250663, at *3 (M.D. Pa. Oct. 7, 2022) and *Peay v. Fisher*, No. 3:15-CV-00345, 2016 WL 3751963, at *2 (M.D. Pa. July 13, 2016), which are prior decisions made in this Court denying a request for personnel files. (Doc. 42, at 3).

The Court agrees that Plaintiff's requests as stated in Interrogatory number 18 are overly broad. "Although personnel files are discoverable, they contain confidential information and discovery of them should be limited." *Harris v. Harley-Davidson Motor Co. Operations, Inc.*, 2010 WL 4683776, *5 (M.D. Pa. 2010) (citing *Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly . . . . This is not to say personnel files are categorically out-of-bounds."); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited.")). The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.

During the discovery conference held on November 4, 2022, counsel for Plaintiff clarified that the discovery sought does not include private information, such as financial records, social security numbers, addresses, etc. Rather, Plaintiff seeks educational records, training records, policies, disciplinary records, complaints, and employment applications. Given Plaintiff's allegations against individual Defendants, the Court finds that Plaintiff is entitled to limited discovery of the personnel filed of Nathan Barrett, Daphne Pugh, Jessica Ramagli, Mary Farrell, and Alicia Schlauch. "Nevertheless, the proper balance between

[individual Defendants'] privacy interests and the discovery interests of Plaintiff is to assure that only those portions of the personnel files that are clearly relevant to Plaintiff's claim be open to disclosure, with confidential and private information redacted." *Harris,* 2010 WL 4683776, at *5. Therefore, Defendants shall provide information relevant to the claims of sexual assault/harassment, negligence, and failure to train, Defendants' employment applications, training records and certifications, and any discipline records and complaints filed against the individual Defendants five years prior to the underlying incident.

### B. INTERROGATORY NUMBER 19

In Interrogatory number 19, Plaintiff requests "[a]ll documents concerning any individual defendant from January 1, 2021 to the present." (Doc. 39-1, at 7). In response, Defendants object to the request "on the grounds that it is not reasonably limited in scope and is vague, non-specific, and unduly burdensome and exceeds the scope of permissible discovery[, and] . . . it seeks production of confidential documents not related to Plaintiff's claims and other wise protected from disclosure." (Doc. 39-2, at 11; Doc. 42, at 3-4). During the discovery conference, Plaintiff narrowed the scope of the request to emails to, from, or about the individual Defendants from annuary 1, 2021, to the present day.

Under Rule 34, discovery may include a request for a party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" electronically stored information or "any designated tangible things" within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, because "[i]nspection . . . of certain types of electronically stored information . . . may raise issues of confidentiality or privacy," courts weighing whether to allow such discovery "should guard against undue intrusiveness

- 4 -

resulting from inspecting . . . such systems." Fed. R. Civ. P. 34(a)(1) Advisory Comment Note (2006). Given the breath of Plaintiff's request, the Court directs the parties to convene and generate a list of search terms that will further narrow the scope of "emails to, from, and about individual Defendants" such that the scope of discovery is no longer overbroad and unduly burdensome. If the parties are not able to agree on a list of search terms within fourteen (14) days of the date of this Order, the matter may be re-visited by the Court.

**AND NOW**, this 7th day of November, 2022, **IT IS HEREBY ORDERED** that:

1. Defendants' objection to Plaintiff's Interrogatory number 18 is **OVERRULED** without prejudice. However, the scope of discoverable personnel records of individual Defendants is limited such that Defendants shall provide only information relevant to the claims of sexual assault/harassment, negligence, and failure to train, Defendants' employment applications, training records and certifications, and any discipline records and complaints filed against the individual Defendants five years prior to the underlying incident. Defendants shall respond to Plaintiff's discovery requests within 14 days of the date this Order, on or before **Monday, November 21, 2022**.

2. Defendants' objection to Plaintiff's Interrogatory number 19 is **OVERRULED** without prejudice. The parties shall convene and agree on a list of search terms that will further narrow the scope of Plaintiff's requested emails to, from, and about individual Defendants within 14 days of the date of this Order. If the parties are unable to come to a consensus, the matter may be re-visited by the Court.

3. During the discovery conference held on November 4, 2022, Plaintiff requested an opportunity to file a proposed confidentiality agreement with the Court, narrowing the subjects that would be covered by a confidentiality agreement. On the same day, Plaintiff filed a proposed confidentiality agreement. (Doc. 43). Defendants are granted seven days to raise any issues with Plaintiff's proposed confidentiality agreement, to be filed on or before **Monday, November 14, 2022**.

                                                     **BY THE COURT:**

Date: November 7, 2022                      *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **Chief United States Magistrate Judge**